IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF BRADLEY J. BELLISARIO, BAR NO. 13452.

No. 84144

FILED

APR 07 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ____ CHIEF DEPUTY CLERK

*ORDER OF DISBARMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Bradley J. Bellisario be disbarred based on violations of RPC 1.15 (safekeeping property), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.8 (conflicts of interest: current clients: specific rules), RPC 8.1 (Bar admission and disciplinary matters), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Bellisario committed the violations charged. *See In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Bellisario failed to answer the complaint and a default was entered.[1] The record therefore establishes that Bellisario violated the

---

[1]The complaint and notice of intent to take a default were served on Bellisario through regular and certified mail to his SCR 79 address and emailed to his SCR 79 email address. The notice of intent to take a default was also sent to an alternate physical and an alternate email address. The scheduling order was sent to all of the foregoing addresses. Bellisario

22-10870

above-referenced rules by misappropriating and/or comingling approximately $260,000 of client funds, failing to pay liens on behalf of clients or communicate with them about their cases, obtaining a propriety interest other than a contingency fee in certain clients' personal injury cases, and failing to respond to the State Bar's inquiries.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Bellisario intentionally and/or knowingly violated duties owed to his clients (safekeeping property, conflicts of interest, fees, communication, and diligence) and the profession (failing to respond to lawful requests for information by a disciplinary authority). Bellisario's clients suffered actual injuries as they did not receive their funds. And Bellisario's failure to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system. The baseline sanction for his misconduct, before considering aggravating or mitigating factors, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is

---

responded to a notice from the State Bar that his 2021 license renewal was overdue, but not to the disciplinary complaint against him.

 

generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The record supports the panel's findings of no mitigating circumstances and three aggravating circumstances (dishonest or selfish motive, multiple offenses, and vulnerability of victim). Having considered the four factors, we agree with the panel that disbarment is appropriate.

Accordingly, we disbar attorney Bradley J. Bellisario from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Bellisario shall pay the costs of the disciplinary proceedings, including $3,000 under SCR 120, within 30 days of the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Stiglich

_____, J.          _____, J.
Cadish                                Silver

_____, J.          _____, J.
Pickering                             Herndon

cc:     Bradley J. Bellisario
        Chair, Southern Nevada Disciplinary Board
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A